**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52531**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 21, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MEGAN SOMMER SOUZA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick Miller, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of two years, for battery upon a police officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Megan Sommer Souza entered an *Alford*[1] plea to battery upon a police officer, Idaho Code §§ 18-915(3), -903. In exchange for her guilty plea, an additional charge was dismissed and the State agreed not to file an enhancement to the charge. The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years. Souza appeals, contending that her sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Souza's judgment of conviction and sentence are affirmed.